Trazell, De Lonte
Trazell_i@comcast.net
400 Southern Av Se 54713
Washington, D.C. 20032



UNITED STATES COURT
~~CENTRAL~~ SOUTHERN DISTRICT OF CALIFORNIA



Trazell

v

Experian Services Corp.
*Defendant*

SACV 15 - 01146 DOC (JCGx)

CIVIL COMPLAINT

This matter derives Experian Services Corporation, a consumer credit information business of Orange County California, violating Trazell's consumer rights pursuant to The Consumer Credit Protection Act Title VIII - Public Law 91-508 United States Statutes at Large 84 stat 1127-1136 THE FAIR CREDIT REPORTING ACT [15 U.S. Code Annotated §1681] herein as ("FCRA") permeating domestic violence[1]. Consumer Trazell conducts business in Washington, D.C.

1. After exhausting some administrative consumer remedies close investigation of the plaintiff Trazell 2015 consumer credit report, the periods between 2011-2015 specifically, references several creditors and debt collectors which have obsolete information, identity theft errors; and so, the plaintiff through an unrebutted affidavit, notified defendant Experian through its California and Allen, Texas offices neglecting to block identity theft items, remove obsolete items and furnish relative fraudulent activity information[2].

---

[1] US Constitution Section 4
The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence.

2. The neglected discrepancies have caused credit irregularities resulting in a CITIBANK account denial and four (4) yrs of anguish seeking administrative relief.

3. The violation of FCRA sections 605(a) (4), 616 and 617 willfully noncompliant by neglecting to remove obsolete information including state law D.C. Code 28 §2-725 three (3) year contract liability limitation. The accounts by year which Experian are still adversely reporting are as follows:

    a. TD AUTO FINANCE 2007 identity theft / antedates 7yr reporting limit $18,759
    b. VERIZON 2010 identity theft / antedates 3yr reporting limit $139
    c. FAIR COLLECTIONS AND OUTSOURCING debt collector 2014 identity theft $4,809
    d. M & T BANK 2011 antedates 3yr reporting limit $16,343
    e. CHASE RECEIVABLES debt collector 2014 $139.37
    f. CAVALRY debt collector 2012 antedates 3yr reporting limit $602.32

4. Accounts (c), (f) and (e) above are in fact debt collectors which defendant, Experian, misrepresents as creditors wherefore, shall only furnish information relative to transaction and not adversely report a debt violating statute[3] FCRA §604 (a)(3)(A) [15 U.S.C. § 1681b].

5. Upon credit bureau notification of dispute according to FCRA §623 (b) [15 U.S.C. § 1681s-2] the modification, deletion and permanently blocking items have not taken place.

6. Wherefore relief prayer requests a $47,000 compensatory judgment and $108,000 statutory award

---

[2] FCRA §615(g) Requirements on users of consumer reports [15 U.S.C. § 1681m]
(2) upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.
[3] (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer

    a. trial by jury

    b. remove fraud alert

    c. deletion of telephone numbers 703-310-4910

    d. deletion of accounts (a) – (f)

    e. any warranted exemplary relief

28 USC 1746

_____ 18th shel Tammuz 15101 [15Jul2015]
Trazell, De Lonte





